UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH S. FAIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:04-cv-0354-RLY-WTL |
| | ) | |
| TRANSMISSION BUILDERS FEDERAL | ) | |
| CREDIT UNION, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Deborah Fain ("Plaintiff") brought suit against Transmission Builders Federal Credit Union ("Defendant") alleging two separate causes of action. Under Count I, Plaintiff claims that she was discharged in retaliation for her assistance with a National Credit Union Association ("NCUA") investigation, in violation of The National Credit Union Act, 12 U.S.C. § 1751 ("Act"). Under Count II, Plaintiff alleges that she detrimentally relied on a promise by Terry Kingseed, a member of Defendant's Board, that she would have immunity from punishment for providing requested documents. Defendant now moves for summary judgment on both claims, asserting nondiscriminatory reasons for Plaintiff's termination. For the following reasons, Defendant's motion is **DENIED IN PART** and **GRANTED IN PART**.

**I.**  **Facts**

Plaintiff began her employment with Defendant as a teller in 1989, eventually

rising to Vice President of Operations in 2000. (Deposition of Deborah S. Fain at 10, 13). In August 2003, Plaintiff was approached by Kingseed, who requested assistance investigating accounts related to Defendant's President/CEO, Cindy Brock. (Deposition of Terry Kingseed at 20; Fain Dep. at 47). Kingseed suspected improprieties with regard to a church account operated by Brock's sister, Terry Foster. (Kingseed Dep. at 17; Fain Dep. at 28). When Plaintiff displayed reluctance regarding her involvement, Kingseed promised that no repercussions would follow such involvement. (Kingseed Dep. at 23; Fain Dep. at 46-48, 96). Given Kingseed's assurances, Plaintiff placed the documents in a sealed envelope and delivered them to Kingseed via her husband. (Fain Dep., at 50). Kingseed then forwarded the documents to the NCUA. (Kingseed Dep. at 26-27; Fain Dep. at 50).

Upon submitting the information to the NCUA on August 25, 2003, Kingseed informed the Defendant's Board that an NCUA investigation into Brock's actions had commenced. (Kingseed Dep. at 29). At that meeting, Vice Chairman Jack Williams suggested that the person responsible for the disclosure be dismissed. (Deposition of Richard Huffman at 18; Kingseed Dep. at 31, 55)("I think the ones who made these reports should be fired."). Defendant's CFO, Brian Bargerhuff, was able to identify Plaintiff as the source, after which Brock, Williams, and Chairman Richard Huffman made the decision to terminate Plaintiff. (Huffman Dep. at 41; Plaintiff's Additional Facts 47). On October 22, 2003, Brock told Plaintiff she was being dismissed for breaching Defendant's confidentiality rule. (Huffman Dep. at 61; Deposition of Cindy

2

Brock at 35; Fain Dep. at 95, 104). Defendant now offers numerous alternative justifications for the dismissal, including breach of confidentiality, sharing of confidential management information with non-management employees, accessing members' accounts inappropriately, loss of trust and confidence, and lack of team-focus. (Defendant's Facts 19-33).

## II.     Summary Judgment Standard

"If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" summary judgment is proper. Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In identifying a genuine issue of material fact, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." *Anderer v. Jones*, 385 F.3d 1043, 1064 (7th Cir. 2004)(*citing Anderson*, 477 U.S. at 249). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party must identify specific facts through the affidavits, depositions, answers to interrogatories, and admissions on file which evidence a genuine issue for trial. *Id*. at 324.

**III.    Retaliation Claim**

In Count I, Plaintiff brings a claim for retaliation under 12 U.S.C. § 1790b.  In its Motion for Summary Judgment, Defendant argues that (1) Plaintiff cannot maintain a private cause of action under §1790b, and (2) Plaintiff does not have sufficient evidence to satisfy the prima facie showing for retaliation.

**A.    Plaintiff's Private Cause of Action**

The applicable portion of 12 U.S.C. § 1790b reads:

> No insured credit union may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to the request of the employee) provided information to the Board or the Attorney General regarding any possible violation of any law or regulation by the credit union or any director, officer, or employee of the credit union.

12 U.S.C. § 1790b.  According to Defendant, Plaintiff's cooperation with Kingseed is unprotected as §1790b identifies only two qualified recipients, the NCUA and the Attorney General.  *Wyrick v. TWA Credit Union*, 804 F.Supp. 1176, 1179 (W.D. Mo. 1992).  Defendant correctly references *Wyrick* for the proposition that disclosures beyond these bodies are unprotected revelations to nonregulatory entities.  *Id*.  However, the case at bar does not fall within the restrictions of the *Wyrick* opinion.  The plaintiff in *Wyrick* reported alleged unlawful activity to the Credit Union Supervisory Board and the defendant's Board of Directors, which never advanced the reports to the NCUA or Attorney General.  *Id*.  The court ruled that such disclosures were unprotected because the goals of the statute, to enhance regulatory enforcement and facilitate corrective action, are

4

only furthered when the proper regulatory authority has access to the reports. *Id*.

Here, Kingseed provided the reports to the NCUA after receiving them from Plaintiff's husband. Thus, the proper regulatory authority did have an opportunity to take corrective action and further compliance with regulations. *Cf Wyrick*, 804 F.Supp. at 1179. Accordingly, Plaintiff's disclosure is protected under 12 U.S.C. § 1790b.

**B.     Retaliation through Indirect Method**

Direct or indirect evidence can be used to prove retaliation for the purposes of summary judgment. *Volovsek v. Wisconsin Dept. of Agr., Trade and Consumer Protection*, 344 F.3d 680, 689-92 (7th Cir. 2003); *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). The court finds the indirect method, implementing the *McDonnell Douglas* framework, applicable to the case at bar. *Volovsek*, 344 F.3d at 692 (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). A prima facie case under the indirect method requires Plaintiff to show that (1) she is a member of a protected class; (2) she has met the defendant's legitimate work expectations; (3) defendant took adverse employment action against her, and (4) defendant treated similarly situated employees outside of the protected class more favorably. *Volovsek*, 344 F.3d at 692; *Stone*, 281 F.3d at 642. If the plaintiff establishes her prima facie case, the burden is on the defendant to present evidence of a nondiscriminatory reason for the dismissal. *Volovsek*, 344 F.3d at 692. The burden then shifts to the plaintiff to show, by a preponderance of the evidence, that the defendant's

articulated reason is pretextual. *Id.*

Drawing all inferences in favor of Plaintiff, she has established a prima facie case. First, the Act protects employees, like Plaintiff, who exercise their responsibility to report regulatory violations to the relevant authority. 12 U.S.C. §1790b(a)(1)(no insured credit union may discharge an employee because the employee provided information to the NCUA regarding any possible violation). Therefore, Plaintiff's cooperation with the NCUA investigation qualifies as protected activity. Second, Plaintiff was performing in a satisfactory manner, as her most recent performance review rated Plaintiff as "exceeding expectations." (Brock Dep. at 13-15, Ex. 41). Third, Plaintiff faced adverse employment action in the form of termination. *Moser v. Indiana Dept. of Corrections*, 406 F.3d 895, 904 (7th Cir. 2005). Finally, Plaintiff alleges, and Defendant does not contest, that only Plaintiff and no other similarly situated employee who did not engage in the protected activity, was dismissed. (Plaintiff's Brief in Opposition at 17).

Since Plaintiff has met her prima facie burden,[1] Defendant must provide a nondiscriminatory reason for the termination. *Volovsek*, 344 F.3d at 692. Defendant offers Brock's testimony about specific nondiscriminatory reasons for Plaintiff's dismissal based upon complaints of other employees including: breach of trust, violation

---

[1] Defendant references *Simas v. First Citizens Credit Union*, 170 F.3d 37, 44 (1st Cir. 1999) as authority for the prima facie standard. The court finds Plaintiff also satisfies the three part standard under *Simas*, creating a genuine issue for trial. First, Plaintiff's actions fall within the protection of §1790b. Second, Plaintiff was subjected to a materially adverse employment action, namely her termination. Finally, there is a genuine issue as to whether Plaintiff's participation in the NCUA investigation was causally connected to her termination.

of Transmission Builders' Employee Handbook, pulling customer account information for personal use, creating disharmony among the staff, dissatisfaction with Brock and other co-workers, loss of confidence, and failure to be a team-player. (Defendant's Facts 19-31 and citations therein). Plaintiff insists these reasons are pretext, defending her original contention that she was fired in retaliation for her disclosures to the NCUA. (Plaintiff's Facts in Dispute 33, at 3). Because a genuine issue of material fact has been raised under the indirect method, the court **DENIES** Defendant's Motion for Summary Judgment of Plaintiff's retaliation claim.

### IV.     Promissory Estoppel Claim

In Count II, Plaintiff brings a claim for promissory estoppel based on promises made by Kingseed. Although Plaintiff seemingly satisfies the elements of promissory estoppel, the relief she seeks is inconsistent with the relief available under such a theory. Plaintiff's request for relief in the Complaint seeks wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's actions. The type of damages sought by Plaintiff represent expectancy damages rather than reliance costs. *Jarboe v. Landmark Community Newspapers of Indiana, Inc.*, 644 N.E.2d 118, 122 (Ind. 1995). As promissory estoppel only allows for the recovery of reliance costs, Plaintiff's requested expectancy damages cannot be recovered under the posited theory. *Id*.

### V.     Conclusion

Taking the facts as Plaintiff has alleged them, a reasonable jury could find that

7

Defendant terminated Plaintiff in retaliation for her disclosures to the NCUA. As Defendant seeks damages beyond the scope of promissory estoppel, the second claim fails as a matter of law. For the foregoing reasons and based on the record before this court, Defendant's Motion for Summary Judgment is hereby **DENIED** as to the retaliation claim and **GRANTED** as to the promissory estoppel claim.

**ALL OF WHICH IS ORDERED** this 1st day of September 2005.

> _____
> RICHARD L. YOUNG, JUDGE
> United States District Court
> Southern District of Indiana

Electronic Copies to:

Andrew Dutkanych III
HASKIN LAUTER LARUE & GIBBONS
adutkanych@hlllaw.com

Joshua D. Hague
KRIEG DEVAULT
jdh@kdlegal.com

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Andrew G. Jones
HASKIN LAUTER LARUE & GIBBONS
ajones@hlllaw.com

Elizabeth Gardner Russell
KRIEG DEVAULT
egr@kdlegal.com